**Ramon Garcia CRUZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 07–72222.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri Leon–Benner, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Ramon Garcia Cruz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his second motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Garcia Cruz's challenge to the BIA's January 5, 2005, decision because he failed to file a timely petition for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The BIA did not abuse its discretion in denying Garcia Cruz's second motion to reopen as untimely because the motion was filed over two years after the final administrative order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Garcia Gruz did not show he was entitled to equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

We decline Garcia Cruz's request to remand his case to the BIA for clarification of its order because the BIA's decision is not ambiguous.

■ Lastly, we lack jurisdiction to review Garcia Cruz's contention that the BIA should have invoked its sua sponte authority to reopen his proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**